# IN UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**
*Plaintiff,*

v.                                                             CASE NO. 13-20134-01-CM

**WEIQIANG ZHANG,**
*Defendant.*

---

### DEFENDANT'S RESPONSE TO GOVERNMENT'S
### CONSOLIDATED MOTIONS IN LIMINE

---

The Defendant, Weiqiang Zhang, provides the following response to the Government's Consolidated Motions in Limine (Doc. 166).

### 1.   "Jury Nullification"

The government asks this court to prevent the defendant from suggesting "that the jury should acquit even if the government proved guilt beyond a reasonable doubt." D.E. 166 at 1. The right of jury nullification can be traced back to the colonial jury which "understood that the jury had the power to refuse to convict even if the facts and law indicated guilty." *United States v. Courtney*, 960 F.Supp.2d 1152, 1163 (D.N.M. 2013). This right existed as a protection "against government tyranny and safeguards liberty." *Id.* at 1164. The original Sixth Amendment right to a jury included the right to jury nullification. *Id.* at 1179 ("defendants' lawyers at the Founders' time were

1

permitted to argue openly to the jury that it should exercise its nullification power.").

Mr. Zhang also recognizes that the Tenth Circuit has held "there is no right to jury nullification." *Crease v. McKune*, 189 F.3d 118, 1194 (10th Cir. 1999). If this Court sustains any part of the government's request, the defendant asks for this ruling to apply to both parties. If the current state of the law is that the jury has the power to nullify, but that defense counsel cannot mention such power, then the government should not be apply to make statements that deny that power.

**2.    "Non-parties"**

This section of the government's motion in limine concludes by asking this Court to "preclude the defendants from introducing evidence or making arguments to disparage the victim company or any supervisor of the defendants." The government states, without citation, that "[i]t is not a defense how a defendant was supervised by his employer or immediate supervisor." D.E. 166 at 2. The government also states that "evidence that the victim is a bad company or that a defendant had a poor supervisor invites jury nullification." *Id*. Besides a passing reference to "genetically modified products" the government provides little specificity as to what evidence they are requesting the court limit. *Id*.

This case involves an allegation of theft of trade secrets under 18 U.S.C. § 1832. The definition of a "trade secret" includes a requirement that the owner of the secret take "reasonable measures to keep such information secret." 18 U.S.C. § 1839(3)(A). Mr. Zhang may introduce evidence related to the company's protection of the claimed trade secrets in this case. This type of evidence would go directly to an element related to the claim of a trade secret. *See United States v. Lange*, 312 F.3d 263, 366 (7th Cir. 2002).

Mr. Zhang does not plan to introduce evidence disparaging Ventria for its involvement in utilizing "genetically modified products." D.E. 166 at 2. Mr. Zhang does intend to contest all of the elements of the claimed trade secret. Such evidence certainly could be characterized as painting Ventria as a "bad company" or claiming Mr. Zhang "had a poor supervisor" or poor supervision at the company. *Id*. While Mr. Zhang certainly understands that Ventria is not "on trial" in this criminal matter, Ventria's practices related to protection of their trade secret are highly relevant and directly relate to an element the government must prove beyond a reasonable doubt to sustain a verdict. *United States v. Chung*, 659 F.3d 815, 824-25 (9th Cir. 2011). Therefore, besides the request to prevent Mr. Zhang from disparaging genetically modified products, he asks this court deny the government's request.

### 3. "Attacks on the Investigation"

Although it hardly needs stating, "the prosecution bears the burden of proof beyond a reasonable doubt." *Taylor v. Kentucky*, 436 U.S. 478, 483 (1978). The defendant also has a Constitutional right "to be confronted with the witnesses against him." U.S. Const. amend VI. The Sixth Amendment right extends not only to physical confrontation, but "the right of cross-examination." *Davis v. Alaska*, 415 U.S. 308, 315 (1974). Here, the government is attempting to limit the defendant's ability to question the government witnesses. The government has cited no rule of evidence that justifies this procedure.

The Federal Rules of Evidence define relevant evidence as evidence that has "any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed .R. Evid. 401. The defendant may "attack not only the probative value of crucial physical evidence and the circumstances in which it was found, but the thoroughness and even the good faith of the investigation, as well." *Kyles v. Whitley*, 514 U.S. 419, 445 (1995). "A common trial tactic of defense lawyers is to discredit the caliber of the investigation or the decision to charge the defendant." *Id*. at 446. Defendant should be permitted to do so here.

The cases cited by the government also prove this type of questioning is relevant. "[T]he quality or bias of a criminal investigation occasionally may affect the reliability of particular evidence in a trial, and hence, the facts surrounding the government's investigation may become relevant." *United States v. McVeigh*, 153 F.3d 1166, 1192 (10th Cir. 1998). The defendant must establish is that there is a "connection between the allegedly 'shoddy' and 'slanted' investigation and any evidence introduced at trial." *Id*.

The other case the government cites does not deal with a motion in limine but a trial judge initially allowing cross-examination of a case agent "including things he did not do" but limiting that questioning, in part, due to concerns related to "undue delay." *United States v. Cordova*, 157 F.3d 587, 594 (8th Cir. 1998). The district court in *Cordova* did permit "some questioning about the quality of the DEA's investigation" but limited that questioning from turning into an "exhaustive exploration of things not done." *Id*. Of course, if during the trial the government believes defense counsel has gone beyond the acceptable bounds of such questioning, an objection can be made at that time and the Court can rule appropriately.

This type of evidence may also be relevant as impeachment evidence. "Any party, including the party that called the witness may attack the witness's credibility. Fed. R. Evid. 607. The defendant assumes the government will call law enforcement agents who will testify to their investigation. "Cross-

5

examination is the principal means by which the believability of a witness and the truth of his testimony are tested." *Davis*, 415 U.S. at 316. Defense questions regarding that investigation are relevant. *United States v. Azteca Supply Co.*, 2010 WL 4962828 at *9 (N.D. Ill. 2010) ("an accused is generally allowed to impeach a witness's credibility.").

The government's broad request to limit any questioning related to "investigative steps not taken" should be denied. Mr. Zhang has a right to hold the government to their burden of proof and exercise his Sixth Amendment rights.

**4.    "Defendant's Lawful Conduct"**

The government cites a number of cases for the general proposition that a defendant "engaged in other lawful actions unrelated to the charged crimes is generally irrelevant." D.E. 166 at 4, *citing United States v. Whitfield*, 590 F.3d 325, 361 (5th Cir. 2009). Here too, the government's request is broad and fails to specify what type of other "lawful acts" they are objecting to here.

This case involves an allegation of theft of a trade secret. Mr. Zhang's conduct broadly surrounding the factual scenario that brings rise to these charges is relevant. Such evidence is relevant "where the evidence of good acts would undermine the underlying theory of a criminal prosecution." *United States v. Damti*, 109 Fed. Appx. 454, 456 (2nd Cir. 2004). In this case,

the government must establish that Mr. Zhang acting "intending or knowing that the offense will, injure any owner of that trade secret." 18 U.S.C. § 1832(a). Mr. Zhang's broader relationship with Ventria is relevant to this element of the offense.

Such evidence is also relevant as a defendant has "a right to establish the character trait of being a law abiding citizen." *United States v. Hewitt*, 634 F.2d 277, 279 (5th Cir. 1981), *citing Michelson v. United States*, 335 U.S. 469 (1948). The *Hewitt* court rejected "a construction of Rule 404(a)(1) that would preclude evidence of character for obedience to law." *Hewitt*, 634 F.2d at 280.

In a case involving a similar motion by the government, the district court ruled that that evidence related to "broader business relationships" was relevant to show that the actions that the defendant took were not criminal in nature. *Azteca Supply Co.*, 2010 WL 4962828 at *7. This evidence would have a tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401. Again, without a more specific objection by the government, the defendant believes any evidence he would elicit will be relevant evidence.

**5.     Cross-Examination with FBI Report"**

The government also requests this court prevent the defendant from referring "to any 302 during any witnesses' testimony." D.E. 166 at 5. However, the government concedes in this request that such evidence may be relevant to refresh a "witnesses' recollection." *Id*. Such evidence could also be relevant for purposes of impeachment. *See United States v. Haischer*, 2012 WL 5199148 (D. Nev. 2012). "Given that the resolution of this question requires an individualized assessment of the 302s, the government's request for a blanket exclusion of the forms is premature." *Id*. at *3.

## Conclusion

For the reasons set out above, the defense respectfully requests this court deny the government's consolidated motions in limine.

Respectfully submitted,

<u>S/Thomas W. Bartee</u>
Thomas W. Bartee, #15133
Assistant Federal Public Defender
500 State Avenue, Suite 201
Kansas City, KS 66101
(913) 551-6712
Tom_Bartee@fd.org
  Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on October 21, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to the following:

Mr. Scott Rask
Assistant United States Attorney
scott.rask@usdoj.gov

                                         S/Thomas W. Bartee
                                         Thomas W. Bartee