IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 13-20134-01-CM |
| | ) | |
| **WEIQIANG ZHANG,** | ) | |
| | ) | |
| Defendant. | ) | |

### STIPULATED PROTECTIVE ORDER FOR TRIAL

The United States, defendant Weiqiang Zhang, and defense counsel stipulate and consent to the entry of this Protective Order for Trial.  The parties previously entered into Protective Orders on October 31, 2014 (doc. 44) and June 14, 2016 (doc. 92) for purposes of the discovery in this case, and contemplated that a separate order would be necessary in the event of trial.  The original Protective Orders shall continue to apply to the access and use of discovery materials in this case.  This order is necessary "to preserve the confidentiality of trade secrets," as required under 18 U.S.C. § 1835.

IT IS HEREBY STIPULATED that the following provisions shall govern the handling of evidence at trial and during the remainder of this proceeding.

### Scope: Trial Protected Material

1.      This Protective Order for Trial shall apply to the following evidence and exhibits anticipated at trial.

        a.      "Trade Secret Information" shall mean information that is intended to be kept secret or is a trade secret within the meaning of 18 U.S.C. § 1839(3).

b.     "Trial Protected Material" shall mean Trade Secret Information as well as related confidential or proprietary information that may reveal or disclose Trade Secret Information.

2.     The government requested dismissal of Count Two of the Superseding Indictment (doc. 117), alleging a substantive violation of Theft of Trade Secrets in violation of Title 18, U.S.C. § 1832(a)(1) (doc. 207), which was granted on January 30, 2017 (doc. 210).  As such, the only remaining count addressing trade secrets in this case is Count One, which alleges a conspiracy to commit violations of Section 1832(a)(1)-(3).  It is well-established that proof of a conspiracy to commit a violation of Section 1832 does not require the government to prove the existence of trade secrets at trial, only that the defendant believed that trade secrets would be misappropriated.  *See*, *e.g.*, *United States v. Martin*, 228 F.3d 1, 13 (1st Cir. 2000); *United States v. Hsu*, 155 F.3d 189, 203-04 (3rd Cir. 1998); *United States v. Liu*, 716 F.3d 159, 170 (5th Cir. 2013); *United States v. Yang*, 281 F.3d 534, 541-45 (6th Cir. 2002); and *United States v. Lange*, 312 F.3d 263, 268-69 (7th Cir. 2002).  Therefore, the government need not present, and does not intend nor should be required to introduce, any Trade Secret Information at trial in this matter in order to establish, beyond a reasonable doubt, that the defendant participated in a conspiracy to violate Section 1832.

3.     In this case, the government has defined Trade Secret Information in the Superseding Indictment as, "Ventria's methods of developing, propagating, growing, cultivating, harvesting, cleaning, and storing particular rice seeds for cost-effectively producing recombinant proteins from such seeds."  Consistent with paragraph 2 above, the government and defense intend to elicit only general testimony and evidence, that is, non-Trade Secret Information, about

2

information or practices at Ventria regarding its "methods of developing, propagating, growing, cultivating, harvesting, cleaning, and storing particular rice seeds for cost-effectively producing recombinant proteins from such seeds," or specific non-Trade Secret Information or details about such practices that have been provided in discovery materials or already been made public by Ventria, via patents or other means. However, to the extent that any questions posed by the government, defense counsel, or the Court, or any answers thereto, would result in the disclosure of Trial Protected Material, the parties propose the procedure outlined in paragraphs 4-10, below.

### Pretrial Identification of Trial Protected Material

4.       Counsel for the government and defense have a duty to notify the Court prior to the introduction of any Trial Protected Material as evidence at trial, including but not limited to any testimony or exhibits. The notification duty will allow the Court and parties to ensure appropriate measures are in place to protect the confidentiality of trade secrets during the presentation of this evidence at trial.

5.       Before trial, all parties shall identify any trial exhibits or evidence that may constitute Trial Protected Material, and take the following steps to protect such material.

a.       The list of identified Trial Protected Material exhibits will be provided to the Court, courtroom deputy clerk, and counsel. The list is included in the Court's Order.

b.       Before trial, the parties shall meet and confer to discuss other appropriate measures to preserve the confidentiality and prevent unwarranted disclosure of Trial Protected Material.

c.       The Court will review the Trial Protected Material and consider any issues that the parties are unable to resolve.

d.       A copy of this Protective Order for Trial shall be maintained with the Trial Protected Material while used for and during trial.

    e.  All persons given access to the Trial Protected Material shall keep such information secure in accordance with the purposes and intent of this Order.

  6.  The designation or treatment of any material as Trial Protected Material does not constitute an acknowledgment or determination by the defense, or by the Court, that the material is in fact a trade secret. The designation merely serves to "to preserve the confidentiality of trade secrets," as required under 18 U.S.C. § 1835(a).

<b>Presentation of Trial Protected Material Evidence</b>

  7.  Evidence designated as Trial Protected Material shall not be presented via testimony, but rather through reference to an exhibit or other demonstrative containing such material. When the jury is presented with exhibits containing Trial Protected Material, only the jury, counsel, the defendant, the Court, and authorized courtroom personnel ("Authorized Persons") will be permitted to view the exhibits. Exhibits or demonstratives containing Trial Protected Material shall not be displayed on courtroom presentation displays, including the courtroom screen and the monitors of any screens at counsel tables, to anyone other than Authorized Persons. Binders containing the Trial Protected Material will be retrieved from the jury after the presentation of the evidence. The party presenting the evidence shall maintain custody of the exhibits during the trial.

  8.  The parties stipulate and urge the Court to find that this limited viewing is essential to preserve the compelling interest of preserving the confidentiality of the trade secrets in this case. Specifically, this limited restriction is narrowly tailored to protect the confidentiality of the trade secret information and to allow the factfinders to consider relevant evidence. Without the minimal restriction, there is a substantial probability that, in the absence of closure, this compelling interest would be harmed. The parties agree that this approach represents the

4

most effective and narrowest means to accomplish these objectives. No other alternatives are as effective in protecting the confidentiality of the trade secrets in this case. Congress explicitly recognized the importance of "preserv[ing] the confidentiality of trade secrets," by directing the Court to consider and adopt appropriate measures. *See* 18 U.S.C. § 1835(a).

9.       The parties may redact trial exhibits which contain Trial Protected Material. In order to preserve the record, any unredacted versions shall be filed under seal.

10.      In the event that an answer to any given question posed by the government, defense counsel, or the Court would, intentionally or unintentionally, require the unexpected disclosure of Trial Protected Material other than as provided in paragraphs 4-6 above, the parties stipulate and urge the Court to adopt the following procedure.

> a. Any witness with knowledge of any Trial Protected Material will be prepared to respond that the answer would require the disclosure of proprietary or confidential information.
>
> b. The Court shall then hold a sidebar to establish whether the question was intended to elicit such disclosure and whether the question and answer can be restructured to avoid disclosure of Trial Protected Material.
>
> c. If the Court concludes that disclosure of Trial Protected Material was intended by the questioning party and that such evidence is admissible at trial, the evidence shall be presented only as set out in paragraphs 7 through 9, above.

### Recesses

11.      Trial Protected Material shall not be left unattended in the unlocked courtroom during short recesses. During lengthier recesses, including the lunch recess and overnight recesses, the courtroom shall be locked, or the parties shall retain custody over the Trial Protected Material in accordance with the requirements of the Protective Orders governing pretrial discovery.

5

## Sealing

12.     Any exhibits containing Trial Protected Material shall be maintained under seal by the Clerk of the Court, unless otherwise ordered by the Court.

## Instructions

13.     The parties may instruct witnesses not to disclose Trial Protected Material during the course of their testimony until and unless authorized by the Court, pursuant to the procedures set forth in Paragraph 10 of this Order.

14.     During the trial, and at the conclusion of the case, the jury will be instructed that they are not to disclose or otherwise use Trial Protected Material which was presented during the trial.

## Acknowledgment

15.     By this stipulation, undersigned counsel agree to be bound by the terms of this Protective Order for Trial.

16.     Counsel shall have any other persons handling any Trial Protected Material read the Protective Order for Trial and sign the attached Acknowledgment, which shall be filed with the Court.

## Return of Trial Protected Material upon Conclusion of the Case

17.     After final judgment of this action or an appeal from any judgment entered in this action is exhausted, and unless the parties agree otherwise, any person to whom Trial Protected Material has been disclosed pursuant to this Order shall, within 10 days of receipt of a written request from the United States or the defense:

        a.     assemble and make available for return all materials and documents produced or revealed containing Trial Protected Material, as well as any copies thereof; and keep confidential, in accordance with this Agreement,

6

every portion of other materials, memoranda or documents purporting to reproduce or paraphrase Trial Protected Material produced or revealed; **or**

b.    destroy all materials and documents produced or revealed containing Trial Protected Material, including, but not limited to, every portion of other materials, memoranda or documents purporting to reproduce or paraphrase Trial Protected Material; and keep such materials confidential, in accordance with this Agreement;

**and**

c.    disclose the identity of any person to whom disclosure of Trial Protected Material was made; **and**

d.    certify in writing that the above-listed procedures have been followed and completed.

18.    The government will maintain the discovery and Trial Protected Material for a reasonable period of time, for potential post-conviction relief that may be sought by the defendant.

SO STIPULATED:

By: **SCOTT RASK**
Digitally signed by SCOTT RASK
Date: 2017.02.03 10:56:24 -06'00'

Date: 2-3-17

SCOTT C. RASK, #15643
Assistant United States Attorney

Date: 2/3/17

MATTHEW R. WALCZEWSKI
Trial Attorney
National Security Division

7

Date: 2/3/2017

BRIAN J. RESLER
Senior Trial Attorney
Computer Crimes and Intellectual
 Property Section

Date: 2-3-2017

THOMAS W. BARTEE
Attorney for Weiqiang Zhang

THE COURT HEREBY FINDS that during the course of trial, evidence may be identified, as appropriate, and governed by the terms of this Stipulated Protective Order for Trial.

THE COURT FURTHER FINDS that the stipulation and recommendation of the parties are appropriate in this case for the handling of trade secret information at trial. In particular, the limited viewing of trade secret information is necessary to preserve the confidentiality of any trade secrets in this case. Congress has identified this compelling interest and specifically directed that in trade secret cases necessary steps should be taken to "preserve the confidentiality of trade secrets." 18 U.S.C. § 1835(a); *see also* H. Rep. No. 104-788, 104th Cong., 2d Sess. 13 (1996) ("This subsection authorizes the court to preserve the confidentiality of alleged trade secrets during legal proceedings consistent with existing rules of criminal procedure, civil procedure, and evidence, and other applicable laws. The intent of this section is to preserve the confidential nature of the information and, hence, its value."). The adopted measures are reasonable and narrowly tailored in this case. After considering other options, there are no less restrictive alternatives. The Court finds that the restrictions are narrowly tailored to serve the substantial interest of preserving the confidentiality of the trade secret information. Finally, the

8

Court remains prepared to consider any further issues concerning evidence involving the trade

secrets in this case that may arise during the course of trial.

IT IS SO ORDERED.

/s/ Carlos Murguia                              Date:  02/03/2017

HONORABLE CARLOS MURGUIA
United States District Judge

## ACKNOWLEDGEMENT OF PROTECTIVE ORDER

The undersigned acknowledges that he or she has received a copy of the Stipulated

Protective Order for Trial in United States v. Weiqiang Zhang (Case No. 13-20134-01-CM), has

read, understands, and agrees to its terms, and hereby submits to the jurisdiction of the United

States District Court for the District of Kansas for the purposes of enforcement of the terms of

the order and the punishment of any violations.


Date: _____


_____

Name


_____

Street Address


_____

City, State, Zip


_____

Telephone Number


_____

Email

10