IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-20134-01-CM |
| ) | |
| **WEIQIANG ZHANG**, ) | |
| ) | |
| Defendant. ) | |

## MOTION FOR IMMEDIATE HEARING

The United States, by and through undersigned counsel, requests an immediate hearing be scheduled to reconsider the defendant remaining released on conditions pending designation by the Bureau of Prisons. *See* Minute Sheet, doc. 252.

This immediate hearing is necessary because of a change in circumstances since the April 4, 2018 sentence hearing that complicates the ability of Pretrial Services to supervise the defendant on release. Additionally, the defendant has violated the conditions of his release. *See* Order Setting Conditions of Release, doc. 30.

Change in Circumstances

During the morning of April 6, 2018, the defendant and his family were forcefully removed from their home in Manhattan, Kansas, pursuant to a court order. That court order was the result of litigation following foreclosure proceedings in connection with the defendant's residence.

Sometime in December 2017, the defendant's residence was purchased by a new owner and the defendant was unwilling to voluntarily vacate the residence despite the foreclosure. In December 2017, the new owner met the defendant and informed the defendant that he was the

new owner.  The new owner informed the defendant that the defendant did have ninety days before vacating the residence.  Because the defendant was unwilling to vacate the residence, the new owner pursued an eviction order, which was recently entered.

At no point in time before April 6 did the defendant alert the Probation Office that his home was in foreclosure and that he had been served with an eviction notice.  At no point in time before April 6 did the defendant discuss a new residence with the Probation Office.

At no point during the April 6 hearing did the defendant disclose to counsel or the Court that the foreclosure on his home had been finalized.  At no point during the April 6 hearing did the defendant inform counsel or the Court that he had been served with an eviction notice.  At no point during the April 6 hearing did the defendant inform counsel or the Court that a new residence would be required in the near future.

While most of this information and the imminence of the defendant's removal from his home was not new information to the defendant, none of this information was known by the Probation Office, the government, or the Court before this morning's forceful eviction.

<u>Violation of Conditions of Release</u>

The Court's Order Setting Conditions of Release from January 31, 2014 (doc. 30), required the defendant to "advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number." *Id*. at 1.

Despite the eviction from his home today, and its imminence since December 2017, the defendant failed to inform the Probation Office through any means of his change of residence.  This information was only learned by the Probation Office because law enforcement contacted the Office and alerted them to the forceful eviction on April 6.  At this time, the Probation Office has no information regarding the defendant's planned residence.

Remedy

Because the defendant has failed to properly communicate with the Probation Office as required by his conditions of release and has failed to inform them of his new residence, the practicality of supervising the defendant becomes impossible. While the defendant still wears the location monitoring equipment and the Probation Office is able to utilize that information to aid in locating the defendant, he failed to take the charging cord for the equipment when he packed his belongings this morning. Thus, the location monitoring equipment will fail once the battery drains. Once the battery drains and the equipment fails to function as intended, then that condition of release becomes meaningless.

Therefore, the Court should conduct an immediate hearing to reconsider the defendant's release on conditions. Alternatively, the Court should issue a warrant for the arrest of the defendant because of his failure to abide by all conditions of release and enable the Probation Office and law enforcement to potentially locate the defendant before the location monitoring equipment ceases to operate.

        Respectfully submitted,

        STEPHEN R. MCALLISTER
        United States Attorney


        s/ Scott C. Rask
        SCOTT C. RASK, #15643
        Assistant United States Attorney
        500 State Avenue, Suite 360
        Kansas City, Kansas  66101
        (913) 551-6730
        (913) 551-6541 (fax)
        Scott.Rask@usdoj.gov

CERTIFICATE OF SERVICE

I certify that on April 6, 2018, I electronically filed this Motion with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Thomas W. Bartee
Assistant Federal Public Defender
500 State Avenue, Suite 201
Kansas City, Kansas  66101
(913) 551-6712
(913) 551-6562 (fax)
Tom_bartee@fd.org
Attorney for defendant

                            s/ Scott C. Rask
                            SCOTT C. RASK, #15643
                            Assistant United States Attorney