IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 13-20134-01-CM |
| | ) | |
| WEIQIANG ZHANG, | ) | |
| Defendant. | ) | |
| _____ | ) | |

# <u>MEMORANDUM REGARDING RESTITUTION</u>

The Court should not grant a restitution order in this case because the victim seeks

compensation for costs that are not recoverable under the Mandatory Victims Restitution Act

(MVRA), codified at 18 U.S.C. § 3663A.

## Background

In a letter that counsel for Ventria sent to the PSR author, counsel states the basis for the

request of restitution of $350,000:

> Ventria has incurred approximately $350,000 in legal expenses
> and loss of productivity directly due to Defendants' conduct,
> specifically in having to retain outside counsel to protect
> Ventria's legal rights; dedicate Ventria personnel and other
> resources to limit Ventria's damage and implement additional
> measures to protect its trade secrets; attempt to
> limit potential other damage caused by Defendants; and
> preparing for Zhang's trial.

(PSR ¶22). The PSR recommends ordering $350,000 in restitution (PSR ¶145). At the

sentencing hearing, the government submitted Sentencing Exhibit 4, consisting of a

spreadsheet of legal fees incurred between October 11, 2013, and April 12, 2017, totaling

$28,073, and a heavily redacted spreadsheet showing the costs of employment of eight employees, totaling $321,929. At the sentencing hearing, the government offered testimony from Ventria CEO Scott Deeter in support of the restitution request. Mr. Deeter attributed some unquantified portion of the $350,000 restitution request to trial related matters, and he failed to disavow Ventria's counsel's description of how these costs were incurred.

## Argument

"Federal courts possess no inherent authority to order restitution, and may only do so as explicitly empowered by statute." *United States v. Nichols*, 169 F.3d 1255, 1278 (10th Cir. 1999) (quoting *United States v. Hensley*, 91 F.3d 274, 276 (1st Cir.1996)). The putative authority here is the MVRA, which recognizes only four categories of restitution: (1) in the case of property loss or damage, return of the property or compensation for its value; (2) in the case of bodily injury, medical, psychological, and similar expenses; (3) in the case of death, funeral and related expenses; and (4) "in any case, ... lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense." 18 U.S.C. §3663A(b). Only the fourth category, subsection (b)(4), is implicated here.

The Supreme Court has granted certiorari in *Lagos v. United States*, to determine whether subsection (b)(4) covers the costs of internal investigations and other private expenses incurred outside the government's investigation. 138 S.Ct. 734 (June 12, 2018), *reviewing* 864 F.3d 320 (5th Cir. 2017). In *Lagos*, the Fifth Circuit held that under circuit precedent, subsection (b)(4) covered "forensic expert fees, legal fees, and consulting fees" incurred by the victim company, as well as "legal fees incurred in the related bankruptcy proceedings."

864 F.3d at 322. The granting of certiorari in this case, which will be argued on April 18,

2018, suggests the Fifth Circuit's broad interpretation of subsection (b)(4) will be rejected.

*See* Bryan A. Garner et al, *The Law of Judicial Precedent* §31, at 260 (2016) ("more cases on

discretionary review are reversed than are affirmed"); Steven M. Shapiro et al., *Supreme*

*Court Practice*, Ch. 4.17, at 281 n. 66 (10th ed. 2013) ("During the 2011 Term, 27.5% of the

certiorari cases disposed of by full opinion on the merits were affirmed, whereas 55% were

reversed and 17.5% vacated.").  As explained below, *Lagos* is both incorrect and inconsistent

with Tenth Circuit precedent.

## 1. The Tenth Circuit has implicitly adopted the Court of Appeals for the District of Columbia's narrower interpretation of subsection (b)(4).

In *Lagos*, the Fifth Circuit recognized that the Court of Appeals for the District of

Columbia applies a narrower rule that disallows restitution for internal investigation costs, a

position the *Lagos* concurrence agreed with. 864 F.3d at 323, n. 2, 324-26 (discussing *United*

*States v. Papagno,* 639 F.3d 1093 (D.C. Cir. 2011)). The *Papagno* court has the better of the

argument. The issue in *Papagno* was whether the victim's "internal investigation were

'necessary ... expenses incurred during *participation* in the investigation or prosecution of

the offense.'" 693 F.3d at 1096 (emphasis in original) (quoting 18 U.S.C. § 3663A(b)(4)).

The *Papagno* court relied on three key premises in concluding that subsection (b)(4) does not

authorize restitution for an "internal investigation [that] was neither required nor requested

by the criminal investigators or prosecutors." 693 F.3d at 1095.

First, the *Papagno* court carefully analyzed the text of subsection (b)(4). "[O]ffense"

could only refer to "the criminal offense of conviction," so the "investigation or

participation" referenced in the statute meant "the criminal investigation and prosecution"
conducted by law enforcement. 693 F.3d at 1097-98. The court rejected the government's
invitation to interpret "participation" to include a victim's internal investigation of
wrongdoing that happens to assist the official investigation, as "participation" and
"assistance" are distinct concepts. *Id.* at 1098. The court considered dictionary definitions,
Supreme Court precedent, and ordinary use of the terms to conclude that "participation"
requires taking part in a joint effort, while "assistance" can be rendered without such
involvement. *Id.* at 1098-99. This conclusion was buttressed by the fact that a victim's
internal investigation could occur *before* a criminal investigation begins. *Id.* at 1099.

Second, the *Papagno* court recognized that Congress knows how to authorize restitution
for costs incurred by a victim in remediating a harm. In 2008, Congress amended the Victim
and Witness Protection Act (VWPA), codified at 18 U.S.C. § 3663, to authorize restitution to
victims of identity theft of "an amount equal to the value of the time reasonably spent by the
victim in an attempt to remediate the intended or actual harm incurred by the victim from the
offense." 639 F.3d at 1097 (quoting 18 U.S.C. § 3663(b)(6)). Such language would cover the
costs of a victim's internal investigation. 639 F.3d at 1097, 1099. To read such coverage into
subsection (b)(4) would violate the rule that "when 'Congress includes particular language in
one section of a statute but omits it in another section of the same Act, it is generally
presumed that Congress acts intentionally and purposely in the disparate inclusion or
exclusion,'" 639 F.3d at 1099 (quoting *Kucana v. Holder*, 558 U.S. 233, 249 (2010)), a rule
that may apply to "dissimilar language" enacted at different times or in different statutes, 639
F.3d at 1099 n. 3. The *Papagno* court found Congress' failure to add similar language to
subsection (b)(4) significant. This conclusion seems especially appropriate in light of the

similarities between the VWPA and MVRA, which authorize restitution "for the same four categories of costs." 639 F.3d at 1097.

Third, the *Papagno* court noted that subsection (b)(4) limits restitution to "necessary" costs, and the costs of an internal investigation that was neither requested nor required by the authorities could not be deemed necessary to the investigation or prosecution of the offense. 639 F.3d at 1100.

The Tenth Circuit has at least implicitly agreed with *Papagno*, albeit in the course of distinguishing it. *See United States v. Wells*, 873 F.3d 1241, 1270 (10th Cir. 2017). The *Wells* court cited with approval the proposition that "an internal investigation 'cannot be said to be necessary if the investigation was neither required nor requested by criminal investigators or prosecutors.'" *Wells*, *supra* (quoting *Papagno*, 639 F.3d at 1095). But the damages assessment at issue in *Wells* had been specifically requested by the government for its criminal investigation, so the rule of *Papagno* was not violated. *See Wells*, *supra* (noting that "every page of the assessment report is marked "PREPARED FOR LAW ENFORCEMENT PURPOSES'" and that the defense did "not otherwise argue that the assessment was unnecessary.").[1]

## 2. *Lagos*'s freewheeling interpretation of subsection (b)(4) ignores the text and violates canons of statutory construction.

Two interpretive canons call for a narrower reading of subsection (b)(4). It is a "cardinal rule of statutory interpretation that no provision should be construed to be entirely

---

[1] *Wells* incorrectly cites MVRA subsection (b)(1), rather than (b)(4), for the requirement that the expenses had been "incurred during participation in the investigation or prosecution of the offense." 873 F.3d at 1270.

redundant." *Kungys v. United States*, 485 U.S. 759, 778 (1988) (plurality opinion). Under this rule, the Court must give effect to the requirement that the expenses have been "incurred during participation in the investigation or prosecution of the offense or attendance as proceedings related to the offense." 18 U.S.C. § 3663A(b)(4). Reading this subsection to cover expenses arising from "retain[ing] outside counsel to protect Ventria's legal rights; dedicat[ing] Ventria personnel and other resources to limit Ventria's damage and implement additional measures to protect its trade secrets; [and] attempt[ing] to limit potential other damage caused by Defendants," as stated in Ventria's victim impact letter, would ignore the "investigation or prosecution" limitation. Second, under the *ejusdem generis* canon, "[w]here general words follow an enumeration of two or more things, they apply only to ... things of the same general kind or class specifically mentioned...." Antonin Scalia and Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* § 32, at 199 (2012).  Here, the last phrase of subsection (b)(4) is preceded by "lost income and necessary child care, [and] transportation."  "Lost income," "necessary child care," and "transportation," are specific examples of expenses one would expect to result from taking off work and travelling to meet with investigators or attend court. These are not the sort of expenses one would otherwise expect to result simply from the fact of an offense. In light of these specific examples, "other expenses" should not be interpreted as a general grant of authority to compensate for any expenses caused by the commission of an offense.

The *Papagno* court correctly drew a negative inference from Congress's decision not to include in the MVRA a broad category of restitution for remediation costs, as it for victims of identity theft in the VWPA. *See United States v. Papagno*, 639 F.3d 1093, 1097, 1099-1100 (D.C. Cir. 2011). Further support for this negative inference is found in the restitution

provisions for offenses involving sex offenses against children and domestic violence. Congress mandated restitution to victims of sexual abuse in the "full amount of the victim's losses," which includes "any other losses suffered by the victim as a proximate result of the offense." 18 U.S.C. § 2248(b)(1), (3)(F). Subsection (a) of this statute implicitly recognizes that the scope of restitution exceeds that of the MVRA: "Notwithstanding section ... 3663A...." Identical prefatory language ("Notwithstanding section ... 3663A....") and coverage ("full amount of the victim's losses," including "any other losses suffered by the victim as a proximate result of the offense") appear in the restitution statute for child victims of sexual exploitation, 18 U.S.C. §2259(a), (b)(3)(F), and the restitution statute for victims of domestic violence, 18 U.S.C. § 2264(a), (b)(3)(F). *See also* 18 U.S.C. 2327(a), (b)(3) (identical prefatory language and coverage for "full amount of victim's losses," defined as "all losses suffered by the victim as a proximate result of the offense."). The Court should draw a negative inference from the absence of such a broad category of coverage in the MVRA. *Cf.  Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 252 (2010) ("The contrast between these two paragraphs makes clear that Congress knows how to impose express limits on the availability of attorney's fees in ERISA cases.").

   Comparing the operative language in the MVRA and the VWPA reveals further evidence that Congress carefully limited the scope of restitution in subsection (b)(4). Subsection (b)(4) of the VWPA, which is the earlier law, authorizes restitution "for lost income and necessary child care, transportation, and other expenses *related to* participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense." 18 U.S.C. § 3663(b)(4) (emphasis added). The MVRA replaces "related to" with the stricter requirement

that the expenses be "incurred during" such participation. 18 U.S.C. § 3663A(b)(4). This Court should defer to Congress's carefully selected language.

### 3. Congress knows how to authorize restitution for attorneys' fees but failed to do so in the MVRA.

Government Sentencing Exhibit 4 shows that the $350,000 restitution figure includes over $28,000 in attorneys' fees. MVRA subsection (b)(4) does not explicitly authorize recovery of attorneys' fees. In determining whether statutory silence is enough to authorize granting restitution for attorneys' fees, the Court should consider relevant background legal norms. First, as noted above, federal courts lack the inherent power to impose restitution. *United States v. Nichols*, 169 F.3d 1255, 1278 (10th Cir. 1999). Second, "it is the general rule in this country that unless Congress provides otherwise, parties are to bear their own attorney's fees." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994). The Court should decline to grant restitution for attorneys' fees in the absence of explicit statutory authority. *See Alyeska Pipeline Service Co. v. Wilderness Societ*y, 421 U.S. 240, 260 (1975) (American Rule applies in absence of "specific and explicit provisions for the allowance of attorneys' fees under selected statutes").

The MVRA's silence regarding restitution for attorneys' fees contrasts with explicit grant of such authority in other restitution statutes. *See, e.g*, 18 U.S.C. § 2248(b)(3)(E) (restitution in sexual abuse cases includes "attorneys' fees, plus costs incurred in obtaining a civil protection order"); 18 U.S.C. § 2259(b)(3)(E) (restitution in child sexual exploitation cases includes "attorneys' fees, as well as other costs incurred"); 18 U.S.C. § 2264(b)(3)(E) (restitution in domestic violence cases includes "attorneys' fees, plus any costs incurred in

obtaining a civil protection order"). Congress knows how to express its intention that restitution include attorneys' fees, but did not do so in the MVRA. That decision should be respected.

### 4. Should the Court find that subsection (b)(4) is ambiguous, the rule of lenity requires that the law be construed in favor of the defense.

The defense recognizes that the government will likely make policy-based arguments in favor of its position of broad restitution. But the Court should recognize that "no legislation pursues its purposes at all costs." Rodriguez v. United States, 480 U.S. 522, 525-26 (1987) (per curiam). But even if such policy arguments could be seen as counterbalancing the defense's specific textual and canon-based arguments, the rule of lenity would require that the statute's ambiguity be resolved in favor of the defense. *See Hughey v. United States*, 495 U.S. 411, 422 (1990) (construing VWPA in light of "longstanding principles of lenity, which demand resolution of ambiguities in criminal statutes in favor of the defendant").

### Conclusion

The proposed $350,000 restitution award would include losses that may have been caused by the offense but were not "incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense." 18 U.S.C. § 3663A(b)(4). Congress knows how to authorize restitution for for victim attorneys' fees or for all losses proximately caused by an offense. It chose not to do so in the MVRA. The Court should deny the request for restitution here, as it falls outside the scope of subsection (b)(4).

Respectfully submitted,

s/Thomas W. Bartee
Thomas W. Bartee, #15133
Assistant Federal Public Defender
500 State Avenue, Suite 201
Kansas City, KS 66101
(913) 551-6712
Email: Tom_Bartee@fd.org
      Attorney for Defendant

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 11, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to the following:

Scott C. Rask
Scott.Rask@usdoj.gov

Brian Resler
brian.resler2@usdoj.gov

Matthew R. Walczewski
matthew.walczewski@usdoj.gov

s/Thomas W. Bartee
Thomas W. Bartee, #15133