IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 13-20134-01-CM |
| | ) | |
| **WEIQIANG ZHANG**, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S RESPONSE TO
DEFENDANT'S MEMORANDUM REGARDING RESTITUTION**

The United States, through its undersigned counsel, submits this response to defendant Weiqiang Zhang's Memorandum Regarding Restitution (doc. 260).  Ventria incurred $350,002.21 in actual costs participating in the investigation and prosecution of Zhang's crimes: $28,073.21 in legal fees; and $321,929 in wages paid to employees to handle Ventria's internal investigation and remediation, assist with the government's investigation and prosecution, and attend proceedings in this case.  18 U.S.C. § 3663A requires restitution to Ventria for all of these expenses.

**FACTUAL AND PROCEDURAL SUMMARY**

In February 2017, a jury convicted Zhang of conspiring to steal trade secrets, conspiring to transport stolen property across state lines, and transporting stolen property across state lines (doc. 228).  The victim of Zhang's offenses was his former employer, Ventria Bioscience (Ventria).

1

On April 4, 2018, Zhang was sentenced to 121 months imprisonment followed by three years supervised release (docs. 252 and 254).  The Court imposed restitution but left the amount open pending further ruling (doc 252).

Ventria provided two documents summarizing the expenses it incurred participating in the investigation and prosecution of Zhang's offenses: a letter dated October 17, 2017, describing the company's background and its expenses resulting to the offenses (Govt. Sentencing Exhibit 6, which was also provided verbatim in the Presentence Report, doc. 245 at ¶71); and a partially redacted spreadsheet accounting the specific legal fees and employee wages constituting those expenses (Govt. Sentencing Exhibit 4).  At Zhang's sentencing hearing on April 4, Ventria CEO Scott Deeter testified about those expenses, referring to those two exhibits. The court ordered supplemental briefing on the appropriate amount of restitution.

**LEGAL BACKGROUND**

The Mandatory Victims Restitution Act of 1996 (MVRA), codified at 18 U.S.C. § 3663A, requires that "when sentencing a defendant convicted of [an offense against property], the court shall order . . . that the defendant make restitution to the victim of the offense."  18 U.S.C. § 3663A(a)(1), (c)(1)(A)(ii).  The "ordinary meaning" of the term "restitution" is "restoring" the victim "to [the] position [it] occupied before" the offense.  *Hughey v. United States*, 495 U.S. 411, 416 (1990).  Section 3663A(b) sets forth loss categories to help achieve such restitution.  In particular, § 3663A(b)(4) requires the sentencing court to order the defendant to "reimburse the victim for lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense."

The question of what expenses should be considered "incurred during participation in the investigation or prosecution of the offense" is set for argument before the United States Supreme Court on April 18, 2018, in *Lagos v. United States*, No. 16-1519.  The government's brief in *Lagos* contains an extensive examination of this question.  *See* Brief for United States, *Lagos v. United States*, No. 16-1519 (U.S. March 28, 2018) ("*Lagos* Govt. Brief").

## ARGUMENT

### A. Ventria is entitled to restitution for costs incurred in its internal investigation into Zhang's offense.

Section 3663A(b)(4) includes victim costs spent participating in both the "investigation" and the "prosecution" of the offense.  Congress did not limit victim expenses for "investigation" to expenses for the *government's* investigation.  While Congress knew that only the government could conduct a "prosecution," Congress also knew that almost all prosecutions of property offenses against businesses include at least two investigations: the government's investigation, and the victim's internal investigation (without which many such crimes would not be uncovered).  Congress thus authorized, and required, restitution for the victim's own investigation into the offense—not surprising in light of restitution's purpose of restoring the victim to the position it occupied before the offense.  *See generally Lagos* Govt. Brief at 27-30.

Here, the documents submitted by Ventria, along with Ventria CEO Scott Deeter's testimony at the April 4, 2018 sentencing hearing, establish that the $350,002.21 in employee wages and legal fees related to either Ventria's participation in the government's investigation and prosecution of Zhang (including employees' time assisting with the investigation and preparing to testify) or to Ventria's own internal investigation into Zhang's offense.  As such, § 3663A requires that Zhang provide restitution to Ventria for these offenses.

Seven circuits have held that a victim's costs for an internal investigation are encompassed within § 3663A(b)(4).  *See Lagos* Govt. Brief at 23 n.3.[1]  The D.C. Circuit, on the other hand, took it as a given that "[t]he singular 'investigation or prosecution' of 'the offense' is therefore the criminal investigation and prosecution that is usually conducted by" the government; the parties did not argue otherwise.  *United States v. Papagno*, 639 F.3d 1093, 1097-98 (D.C. Cir. 2011).  The majority of circuits clearly favor awarding restitution for internal investigations.

The Tenth Circuit has not yet ruled on this question.  In *United States v. Wells*, distinguishing *Papagno* from its case at hand, the Tenth Circuit in passing cited *Papagno*'s holding that "[t]he costs of an internal investigation cannot be said to be necessary if the investigation was neither required nor requested by criminal investigators or prosecutors." *Papagno*, 639 F.3d at 1095 (cited by *United States v. Wells*, 873 F.3d 1241, 1270 (10th Cir. 2017)).  Contrary to Zhang's contention, this does not constitute "implicit[] agreement" with

---

[1] In addition to *Lagos* (in which the Fifth Circuit awarded victim GE Capital restitution for investigatory and legal expenses incurred as a result of Lagos's fraud, *see United States v. Lagos*, 864 F.3d 320 (5th Cir. 2017), the government's brief in *Lagos* cited the following cases: *United States* v. *Nosal*, 844 F.3d 1024, 1046-47 (9th Cir. 2016) (internal "investigation costs and attorneys' fees" are recoverable if they are a "'direct and foreseeable result' of defendant's wrongful conduct") (citation omitted), *cert. denied*, 138 S. Ct. 314 (2017); *United States* v. *Janosko*, 642 F.3d 40, 42 (1st Cir. 2011) (Souter, J.) (cost of credit monitoring after data breach); *United States* v. *Elson*, 577 F.3d 713, 727-28 (6th Cir. 2009) (attorney's fees incurred in "discovering and investigating" defendant's fraud in an attempt to recover lost funds); *United States v. Hosking*, 567 F.3d 329, 332 (7th Cir. 2009) (bank's internal investigation costs); *United States* v. *Stennis-Williams*, 557 F.3d 927, 930 (8th Cir. 2009) (attorney's fees and accountant fees incurred during internal investigation of defendant's fraud); *United States* v. *Amato*, 540 F.3d 153, 159-60 (2d Cir. 2008) (attorney's fees and internal investigation costs), *cert. denied*, 556 U.S. 1138 (2009); *United States* v. *Phillips*, 477 F.3d 215, 224 (5th Cir.) (costs of internal damage assessment and of contacting other victims of data breach), *cert. denied*, 552 U.S. 820 (2007).

*Papagno*, Defendant's Memorandum Regarding Restitution, doc. 260 at 5; the issue remains undecided in the Tenth Circuit.

Finally, Zhang attempts to rely on the *ejusdem generis* canon of construction to conjure a § 3663A(b)(4) exclusion for internal investigation costs, but the section's words mean what they say: "necessary . . . expenses incurred during participation in the investigation *or* prosecution of the offense" (emphasis added).  As Zhang notes, under the *ejusdem generis* canon, "[w]here general words follow an enumeration of two or more things, they apply only to . . . things of the same general kind or class specifically mentioned."  Doc. 260 at 6 (quoting Antonin Scalia & Brian A. Garner, *Reading Law: The Interpretation of Legal Texts* 199 (2012)).  But *ejusdem generis* does not apply when the "things" enumerated by the statute "do not fit into any kind of definable category."  Scalia & Garner, *supra*, at 209.  Here, the enumerated costs that precede the more general "expenses incurred during participation in the investigation *or* prosecution of the offense or attendance at proceedings related to the offense" are "lost income," "child care" expenses, and "transportation" expenses.  These three costs do not fit into any definable category—except that they are costs resulting from a victim's participation in investigation or prosecution of the defendant's offense, or attendance at proceedings related to the offense.  *See United States* v. *Amato*, 540 F.3d 153, 161-62 (2d Cir. 2008) (rejecting *ejusdem generis* in interpreting § 3663A(b)(4)), *cert. denied*, 556 U.S. 1138 (2009); *see generally Lagos* Govt. Brief at 40-42. So while *ejusdem generis* does not apply here, if it did, internal investigation costs would be included.

Because the Tenth Circuit has not decided the issue, and because the majority of other circuits require restitution for victims' internal investigations, Zhang should be ordered to provide restitution to Ventria for the costs of Ventria's internal investigation.

**B.   Ventria is entitled to restitution for its legal costs related to Zhang's offense.**

Ventria's restitution under § 3663A(b)(4) should include legal costs associated with Ventria's investigation and prosecution of the offense.  While § 3663A(b)(4) does not explicitly mention legal costs or attorney's fees, Congress certainly understood that participation either in the government's investigation or prosecution of the offense, or participation in the victim's own internal investigation, would likely involve inside and outside counsel, often at extensive cost.  By authorizing restitution "for necessary . . . expenses incurred during participation in the investigation *or* prosecution of the offense" (emphasis added), Congress clearly intended § 3663A(b)(4) to authorize restitution for necessary legal costs.

Zhang reaches for other restitution statutes in efforts to avoid this conclusion, noting that some other restitution statutes specifically authorize restitution for attorney's fees.  *See* Doc. 260 at 8-9.  The simple explanation is that different statutes use different words to encompass the costs a victim incurs as a result of a crime.  *See also Lagos* Govt. Brief at 42-44.  In light of the shared purpose of all restitution schemes to restore the victim to the position it occupied before the offense, Congress clearly intended § 3663A(b)(4) to include legal fees necessary to Ventria's participation in the investigation and prosecution of the offense.

**C.   The rule of lenity does not support Zhang's requested limitation on restitution.**

Zhang separately argues that § 3663A(b)(4) is so ambiguous that the court should use the rule of lenity to resolve the issue in his favor.  But the provision is not ambiguous, so the rule of lenity does not apply.  As noted above, seven circuits have had no problem interpreting this language, and their interpretation aligns with the goal of restoring the victim to its pre-offense state.  *See generally Lagos* Govt. Brief at 45-46.  Accordingly, the rule of lenity has no place here.

**D.  Alternatively, Ventria's claimed employee wages and legal costs are authorized as restitution of "lost property" pursuant to § 3663A(b)(1).**

Finally, if the court declines to authorize the sought restitution pursuant to § 3663A(b)(4), it can authorize such restitution pursuant to § 3663A(b)(1).  Section 3663A(b)(1) requires, "in the case of an offense resulting in damage to or loss or destruction of property of a victim of the offense[,] return the property to the owner."  18 U.S.C. § 3663A(b)(1)(A).  Ventria's money is its property, and that money was "lost" as a result of Zhang's offense when Ventria used it to pay its employees and its attorneys to participate in the investigation and prosecution of the offense.  *See also Lagos* Govt. Brief at 46-48.

## CONCLUSION

For the reasons stated above, along with the information provided in the PSR as well as Ventria CEO Scott Deeter's testimony at sentencing, the court should order Zhang to pay restitution to Ventria in the amount of $350,002.21.

Respectfully submitted,

STEPHEN R. MCALLISTER
United States Attorney


s/ Scott C. Rask
SCOTT C. RASK, #15643
Assistant United States Attorney
500 State Avenue, Suite 360
Kansas City, Kansas  66101
(913) 551-6730
(913) 551-6541 (fax)
Scott.Rask@usdoj.gov

s/ Matthew R. Walczewski
MATTHEW R. WALCZEWSKI
Trial Attorney

National Security Division
United States Department of Justice
600 E Street NW
Washington, D.C.  20530
(202) 233-0986
(202) 233-2147 (fax)
Matthew.walczewski@usdoj.gov
Ill. Bar No. 6297873

s/ Brian J. Resler
BRIAN J. RESLER
Trial Attorney
Computer Crime and Intellectual
Property Section
United States Department of Justice
1301 New York Avenue N.W.
Sixth Floor
Washington, D.C.  20005
(202) 616-3298
(202) 305-1744 (fax)
Brian.resler2@usdoj.gov
Wis. Bar No. 1023837

CERTIFICATE OF SERVICE

I certify that on April 18, 2018, I electronically filed this Responsive Memorandum with

the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing

to the following:

Thomas W. Bartee
Assistant Federal Public Defender
500 State Avenue, Suite 201
Kansas City, Kansas  66101
(913) 551-6712
(913) 551-6562 (fax)
Tom_bartee@fd.org
Attorney for defendant

David M. Magariel
Assistant Federal Public Defender
500 State Avenue, Suite 201
Kansas City, Kansas  66101
(913) 551-6712

(913) 551-6562 (fax)
David_magariel@fd.org
Attorney for defendant

                                       s/ Scott C. Rask
                                    SCOTT C. RASK, #15643
                                    Assistant United States Attorney