## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| Plaintiff, | ) |
| v. | ) Case No. 13-20134-01-CM |
| **WEIQIANG ZHANG,** | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

In February 2017, a jury convicted defendant Weiqiang Zhang of three crimes: Count One, conspiracy to commit theft of trade secrets; Count Three, conspiracy to transport stolen property in interstate commerce; and Count Four, aiding and abetting the interstate transportation of stolen property. The court sentenced defendant on April 4, 2018, and ordered that defendant would pay restitution to Ventria Bioscience, the victim in this case. (Doc. 254, at 7.) But the court left open the issue of how much restitution defendant owes, and ordered the parties to file supplemental briefing on the subject. The court is now prepared to rule on the amount of restitution ordered.

Under the Mandatory Victims Restitution Act ("MVRA"), sentencing courts must order restitution to victims of "offense[s] against property." 18 U.S.C. § 3663A(a)(1) & (c)(1)(A)(ii). Under the MVRA, a court "shall order restitution to each victim in the full amount of each victim's losses as determined by the court without consideration of the economic circumstances of the defendant." *Id*. § 3664(f)(1)(A). The government bears the burden of proving the amount of loss by a preponderance of the evidence. *United States v. Galloway*, 509 F.3d 1246, 1253 (10th Cir. 2007). Relevant here is 3663A(b)(4)'s requirement that the defendant must "reimburse the victim for lost income and necessary child care, transportation, and other expenses incurred during participation in the

investigation or prosecution of the offense or attendance at proceedings related to the offense." The question before the court is which of Ventria's expenses were "incurred during participation in the investigation or prosecution of the offense." The Supreme Court recently clarified that the reach of this provision is fairly narrow; the term "investigation" is limited to government investigations and does not include private investigations. *Lagos v. United States*, 138 S. Ct. 1684, 1687 (2018).

Ventria conducted an internal investigation. Ventria also participated in the government's investigation and prosecution. It is not completely clear that the costs for each, however, have been separated. At the sentencing hearing, the government presented Exhibit 4, which identifies a total loss of $321,929. In the government's restitution brief, the government represented that this amount "related to either Ventria's participation in the government's investigation and prosecution of [defendant] . . . or to Ventria's own internal investigation into [defendant's] offense." (Doc. 261, at 3.) But Scott Deeter testified slightly differently at defendant's sentencing hearing about the types of activities that were represented by Exhibit 4. Specifically, Mr. Deeter testified that employees spent time meeting with the agents and the government attorneys, testifying, attending trial, and preparing the work that was done to prove that the seed was Ventria's. He did not clarify whether any of the time related purely to Ventria's internal investigation. Mr. Deeter specified that the figures in Exhibit 4 did not include lost productivity for attempts to limit damages or the implementation of additional measures to protect trade secrets. The only numbers included in the lost productivity due to the offense were employee wages and lost time. The court cannot tell precisely when the expenses were incurred, but they began in the fourth quarter of 2013, which is when defendant was indicted. They ended in the first quarter of 2017, which is when the trial was completed.

It is clear that Ventria is entitled to restitution for some amount of the $321,929 figure, as the court acknowledged in the sentencing hearing when it announced that restitution would be awarded;

only the amount was left to be decided. But without more specific information about the tasks the employees spent their time on, the court cannot accurately determine how much time was spent on Ventria's internal investigation (which may not be awarded as restitution) and how much was spent participating in the government's investigation and prosecution (which may be awarded). Based on Mr. Deeter's testimony and the timing of the hours submitted, the court believes that a fair estimate is to award 60% of the amount requested, or $193,157.40. This figure estimates that 40% of employees' time was spent on Ventria's internal investigation and 60% was spent participating in the government's investigation and prosecution.

As for Ventria's requested $28,073.21 in attorney's fees, defendant argues that these constitute consequential damages and do not fall under (b)(4). A victim cannot recover consequential damages as restitution. *See United States v. Barton*, 366 F.3d 1160, 1167 (10th Cir. 2004). Defendant also argues that if Congress had intended to make attorney's fees recoverable as restitution, Congress would have specifically authorized such recovery in the MVRA, as it has in other statutes. The court agrees, and determines that Ventria's attorney's fees are not recoverable as restitution. *But see United States v. Beaird*, 145 F. App'x 853, 854–55 (5th Cir. 2005) (finding no plain error in award of attorney's fees as restitution).

Finally, the government argues that the court can authorize restitution under § 3663A(b)(1) instead of (b)(4). Section 3663A(b)(1) requires that the defendant, "in the case of an offense resulting in damage to or loss or destruction of property of a victim of the offense[,] return the property to the owner." The government argues that Ventria's money is its property, and that Ventria lost its property when it had to use the money to pay its employees and attorneys to participate in the investigation and prosecution of the offense.

This argument fails. Under the government's logic, virtually all expenses arising out of an offense would the subject of restitution because paying cash would always equate to a property loss. This construes the statute too broadly.

**IT IS THEREFORE ORDERED** that restitution is ordered in the amount of $193,157.40, to be paid as specified in the judgment entered in this case (Doc. 254, at 8.)

**IT IS FURTHER ORDERED** that the United States Probation Office shall prepare an Amended Judgment in a Criminal Case (hereinafter referred to as "JCC") to reflect this amount of restitution ordered and submit this proposed Amended JCC to the Court for its review and filing.

**IT IS SO ORDERED**.

Dated this 13th day of August, 2018, at Kansas City, Kansas.

       s/ Carlos Murguia
       **CARLOS MURGUIA**
       **United States District Judge**