# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WEIQIANG ZHANG, )<br>Defendant. )<br>) | Case No. 13-20134-01-CM |

## MEMORANDUM AND ORDER

In February 2017, a jury convicted defendant Weiqiang Zhang of three crimes: Count One, conspiracy to commit theft of trade secrets; Count Three, conspiracy to transport stolen property in interstate commerce; and Count Four, aiding and abetting the interstate transportation of stolen property. The court sentenced defendant on April 4, 2018 and entered judgment the next day. In August 2018, the court amended its judgment to specify the amount of restitution owed. In April 2019, defendant filed a motion to vacate judgment under 28 U.S.C. § 2255. The case is presently before the court on defendant's Motion for Leave to Amend with Request for Transcripts (Doc. 298).

The court determines that defendant should be permitted to amend his § 2255 motion. The proposed motion narrows defendant's claims from those presented in his original motion, and gives more detail about the factual basis for the claims. Amendment is timely and proper.

Defendant also requests the transcript of the sentencing hearing in this case. A defendant does not have an unconditional right to free transcripts. *Sistrunk v. United States*, 992 F.2d 258, 259–60 (10th Cir. 1993). 28 U.S.C. § 753 provides that under certain circumstances, a defendant may receive a free trial transcript to help him prepare a habeas petition. To qualify, the court must "certif[y] that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the

-1-

suit or appeal." 28 U.S.C. § 753(f). "Conclusory allegations that a defendant was denied effective assistance of counsel, without more, do not satisfy the requirements of § 753(f)." *Sistrunk*, 992 F.2d at 259.

Here, defendant states that he needs his sentencing transcript because it "contain[s] vital information pertinent to the grounds raised in the section 2255 motion." (Doc. 298, at 2.) But defendant's amended § 2255 motion does not contain any claims relating to his sentencing. Instead, plaintiff makes the following claims:

- Counsel failed to adequately investigate and prepare for the evidence adduced at trial;
- Counsel focused on knowledge of the subject matter instead of the evidence presented at trial; and
- Counsel's errors deprived defendant of the ability to make an informed decision on whether to proceed to trial or plead guilty.

All of these claims relate to pre-sentencing matters. Because defendant's claims do not relate to the sentencing hearing, the court cannot conclude that "the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f). Defendant is not entitled to the transcript from his sentencing at government expense.

**IT IS THEREFORE ORDERED** that defendant's Motion for Leave to Amend with Request for Transcripts (Doc. 298) is granted in part and denied in part. The court grants defendant leave to amend his § 2255 motion, but denies his request for his transcript. The Clerk of Court is directed to file Doc. 298-1 as defendant's amended § 2255 motion.

**IT IS FURTHER ORDERED** that the government shall file a response to defendant's amended motion within 30 days of the date of this order. Defendant may file a reply brief within 30 days of the date the government files its response.

Dated this 30th day of July, 2019, at Kansas City, Kansas.

                                            **s/ Carlos Murguia**
                                            **CARLOS MURGUIA**
                                            **United States District Judge**